COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-233-CR
 
WINIFRED LEON WALKER                                                            APPELLANT
V.
THE STATE OF TEXAS                                                                   
STATE
------------
FROM THE 297TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Appellant Winifred Leon Walker appeals from his conviction for aggravated
robbery with a deadly weapon. In his sole point, he argues that the trial court
erred in admitting a photo identification line-up into evidence during the
guilt-innocence phase of trial because "the procedure in creating the
lineup as well as the photo lineup itself was tainted." We affirm.
In his point, appellant focuses on the manner and timing of the police in
putting the photo array together and showing it to the complainant. His point
also challenges the array as impermissibly suggestive because it fails to show a
person matching the complainant's description of the suspect. Although two photo
line-ups were admitted into evidence, State's exhibits 12 and 15, appellant only
cites to State's exhibit 15 as being the photo line-up he is challenging. At
trial, appellant's objection to State's exhibit 15 was that it did not appear to
be the original of the photo array. The trial court overruled that objection.
Because appellant's objection at trial does not comport with the argument he
raises on appeal, his argument on appeal is waived. See Tex. R. App. P.
33.1(a); Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert.
denied, 522 U.S. 827 (1997).
At trial, appellant also objected to State's exhibit 12, which he does not
cite or mention on appeal, on the grounds that it did not appear to be a
"truly random array" because "[w]e have individuals with lighter
complexion, darker complexion. You have those with hair, with no hair, some with
facial hair, no facial hair."(2) See
Tex. R. App. P. 38.1(f), (h). The trial court overruled the objection. Even if
appellant intended to challenge the ruling on his objection to State's exhibit
12, his arguments on appeal do not comport with those raised in his objection to
State's exhibit 12. Thus, his argument on appeal would still be waived. See
Tex. R. App. P. 33.1(a); Bell, 938 S.W.2d at 54. We overrule
appellant's sole point.
We affirm the trial court's judgment.
 
                                                                      
ANNE GARDNER
                                                                      
JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: AUGUST 14, 2003

1. See Tex. R. App. P. 47.4.
2. Appellant also objected to State's exhibit 12 on the
grounds that "there is nothing on No. 12 to indicate the victim has signed
anything or a witness has signed anything. It's just an array. No one has
pointed anything out or picked anyone out of that lineup." This objection
was also overruled.